UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                 Case No. 07-13639

BRYON JONES,                            Honorable Patrick J. Duggan

    Defendant.
_____/

## OPINION AND ORDER GRANTING THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 27, 2007.

PRESENT:      THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

On August 29, 2007, the United States of America ("Government") initiated this lawsuit against Bryon Jones ("Defendant") seeking declaratory and injunctive relief for Defendant's filing of fraudulent financing statements, which name two Assistant United States Attorneys as debtors. Presently before this Court is the Government's Motion for Summary Judgment. In accordance with E.D. Mich. LR 7.1(e)(2), the Court is dispensing with oral argument on the Government's motion.

**I.    Background**

The Government filed this lawsuit on behalf of Ronald W. Waterstreet

("Waterstreet") and Regina R. McCullough ("McCullough"), two Assistant United States Attorneys who prosecuted Defendant in a criminal action. *United States v. Jones*, Case No. 00-CR-90036. On June 9, 2005, a jury found Defendant guilty on charges for conspiracy to distribute or possess with intent to distribute cocaine (Count I) and conspiracy to launder monetary instruments (Count V). (Pl.'s Mot. Ex. 6, Docket Report at 14.) On November 15, 2006, Defendant was sentenced to 240 months on Count I and 240 months on Count V, to be served concurrently with supervised release of 10 years to run concurrent with each count. (*Id.* at 17.) Defendant is presently incarcerated in the Lower Buckeye Jail in Phoenix, Arizona, pending the resolution of another criminal matter.

On October 9, 2006, Defendant filed two UCC Financing Statements, naming Waterstreet and McCullough as debtors, with the Michigan Secretary of State purporting to secure "contractual obligation[s]" in the "amount of Seventeen Billion, Seventeen Million, One Hundred Thousand Dollars ($17, 017, 100, 000.00), plus daily accruing fines and penalties" against "all of the Debtor's assets." (Pl.'s Mot. Exs. 1 and 2.) "Pursuant to what was considered a non-discretionary duty imposed by state law, employees of the Michigan Secretary of State filed the [UCC Financing statements] in a record system used for legitimate financial statements perfecting security interests securing commercial contracts." (Compl. ¶ 8.)

Defendant sent Waterstreet and McCullough various documents describing an alleged contract that related to his federal criminal prosecution. In these documents, Defendant asserts that Waterstreet and McCullough agreed to the alleged contract based

2

on the tort injury he received "via false arrest, misapplication of the statute, malicious prosecution, conspiracy, unlawful incarceration and fraud." (Pl.'s Mot. Ex. 3 Attach. B.) Although Defendant filed the UCC Financing Statements contending that a contract existed between him and Waterstreet and McCullough, Waterstreet and McCullough "have had no private dealings or other relationship with [Defendant] [and] have not entered into any contract with him nor any security agreement." (Pl.'s Mot. Ex. 3, Decl. of Waterstreet; Ex. 4, Decl. of McCullough.)

The Government requests summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, an Order directing the Michigan Secretary of State to terminate the Financing Statements, and a permanent injunction prohibiting Defendant from filing UCC Financing Statements any similar documents purporting to affect the assets of current or former government officials without leave of Court.

## II. Standard of Review

This Court will grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). No genuine issue of material fact exists for trial unless, by viewing the evidence in a light most favorable to the nonmoving party, a reasonable jury could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). The moving party bears the burden of informing this Court of the basis for its motion and identifying those portions of the record that establish the absence of a material issue of fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct.

2548, 2553 (1986).

Once the moving party has met its burden, Rule 56(e)(2) requires the nonmoving party to look beyond the pleadings and designate specific facts showing that a genuine issue exists for trial. FED. R. CIV. P. 56(e)(2); *Celotex*, 477 U.S. at 322-24, 106 S. Ct. at 2552-53. It is not enough that the nonmoving party comes forward with the "mere existence of a scintilla of evidence . . . ," *Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512, or some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). Rather, the nonmoving party must present significant probative evidence in support of its opposition to the motion for summary judgment. *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993).

### III. Applicable Law and Analysis

#### A. Defendant's Letter Regarding Legal Assistance

On November 6, 2007, one week before Defendant filed his *pro se* response to the Government's motion, Defendant sent a letter to the Court seeking a continuance in this matter until he resolves a criminal matter currently pending against him in state court and he is returned to the federal facility where he will serve his federal criminal sentence. In his letter, Defendant also requests an order requiring the United States Drug Enforcement Agency ("DEA") or the United States Attorneys Office to return his legal materials seized pursuant to a search warrant on December 19, 2006, while he was incarcerated in the Federal Correctional Institution in Milan, Michigan.

The Government has responded to both of Defendant's requests. With respect to

4

Defendant's first request, the Government argues that such a request is moot based on Defendant's filing of a response to the motion for summary judgment and that this action should not be delayed because the UCC Financing Statements are clearly frivolous. As to the second request, the Government contends that the request should be denied for three reasons: (1) it is moot based on Defendant's filing of a response; (2) there is no counterclaim in this action for the return of the materials so the request does not involve a claim or defense in this matter; and (3) portions of the seized materials have already been returned and the other items seized cannot be sent to Defendant at the jail where he is currently being held. According to the Government, DEA agents have been in contact with Defendant's mother, Iola Glasgow, and Defendant's friend, Etheleen Williams, who expect to speak with Defendant soon about getting written permission from Defendant to allow a DEA agent to deliver the remaining seized items to Ms. Glasgow or Ms. Williams.

This Court will deny both of Defendant's requests. With respect to the requested continuance, Defendant has not persuaded the Court that delaying this matter will aid in his defense of this action, especially due to the fact that the UCC Financing Statements are clearly false or fraudulent. Furthermore, this Court expects that the Government will deliver of the remaining seized items to Defendant in an expeditious manner.

**B.     The Government's Motion for Summary Judgment**

Defendant seemingly argues that this Court lacks jurisdiction and that the Government lacks standing to bring this action on behalf of Waterstreet and McCullough. Neither of these arguments have merit. First, this Court has jurisdiction pursuant to 28

U.S.C. § 1345, which grants original jurisdiction to district courts over civil actions commenced by the United States. Moreover, as the Seventh Circuit has stated, "the United States has standing to seek relief from actual or threatened interference with the performance of its proper governmental functions." *United States v. Ekblad*, 732 F.2d 562, 563 (7th Cir. 1984). This Court believes that Defendant's fraudulent filing of the UCC Financing Statements purporting to secure the astronomical sum he claims was agreed to as a result of his criminal proceedings is an actual interference with governmental functions.

Contrary to the representations Defendant made in the UCC Financing Statements and the other materials Defendant refers to in his response, Defendant has failed to present any evidence that there is a contract or that the liens are valid. Waterstreet and McCullough deny that a contract exists. (Pl.'s Mot. Ex. 3, Decl. of Waterstreet; Ex. 4, Decl. of McCullough.) Moreover, "courts have consistently refused to recognize liens based upon a claimed breach of contract or fraud by federal officials in the performance of their official responsibilities." *Unites States v. Martin*, 356 F. Supp. 2d 621, 625 (W.D. Va. 2005). Defendant has not presented any evidence that Waterstreet and McCullough dealt with him outside of their roles as prosecutors. Therefore, the Government is entitled to summary judgment, as well as the requested declaratory and injunctive relief.

Accordingly,

**IT IS ORDERED**, that the requests made in Defendant's letter, dated October 22, 2007 and filed on November 6, 2007, are **DENIED**.

**IT IS FURTHER ORDERED**, that the Government's Motion for Summary Judgment is **GRANTED.**

**IT IS FURTHER ORDERED**, that the following UCC Financing Statements filed by Defendant with the Michigan Secretary of State are deemed null and void: (1) Financing Statement number 2006170475-4, filed October 9, 2006, against the alleged debtor Ronald W. Waterstreet; and (2) Financing Statement number 2006170476-4, filed on October 9, 2006, against alleged debtor Regina R. McCullough. The Michigan Secretary of State is ordered to terminate the above-referenced Financing Statements pursuant to Michigan Compiled Laws § 440.9501(7).

**IT IS FURTHER ORDERED**, that Defendant Bryon Jones is permanently enjoined from the filing of any UCC Financing Statements or any other alleged liens or other instruments with any public office that purport to attach or otherwise affect the assets or property of any current or former federal government employee or official, without first seeking and obtaining leave of this Court. Defendant Bryon Jones is also permanently enjoined from giving notice to any alleged lien debtor or any other person, credit agency, corporation, or entity of the alleged existence of any financing statement, lien or other instrument, whether filed or unfiled, purporting to attach to or otherwise affect the assets or property of any then or former federal government employee or official, without first obtaining leave of this Court.

**IT IS FURTHER ORDERED**, that the failure of Defendant Bryon Jones to obtain leave of this Court for giving notice or filing any financing statement, lien, or other instrument purporting to attach to or otherwise affect the assets or property of any then or

former federal government employee or official will allow any current or former federal government employee or official, or the United States on his or her behalf, to present a certified copy of this order to any person, entity or public office, together with a sworn affidavit affirming that the individual is a then or former federal government employee or official who does not owe any private debt to Defendant Bryon Jones.  Upon such presentation, the public office will accept same for filing with the effect of rendering the alleged financing statement, lien, or other instrument filed by or on behalf of Jones to be invalid and terminated.

**IT IS FURTHER ORDERED**, that if any other financing statement, lien, or other instrument purporting to attach to or otherwise affect the assets or property of any current or former federal government employee or official has already been filed in any public office, by or on behalf of Defendant Bryon Jones, other than the two Financing Statements referenced above, such affected person, or the United States on his or her behalf, may present a certified copy of this order to any person, entity, or public office, together with a sworn affidavit affirming that the individual is a current or former federal government employee or official who does not owe any private debt to Defendant Bryon Jones.  Upon such presentation, the public office will accept same for filing with the effect of rendering the alleged financing statement, lien, or other instrument filed by or on behalf of Defendant Bryon Jones to be invalid and terminated.

**IT IS FURTHER ORDERED**, that the failure of Defendant Bryon Jones to obtain leave of this Court for giving notice or filing any financing statement, lien, or other instrument purporting to attach to or otherwise affect the assets or property of any then or

former federal government employee or official will also constitute contempt of this Court.

**IT IS FURTHER ORDERED**, that a certified copy of this order shall be recorded in the UCC records of the Secretary of State of the State of Michigan and in any other public office that accepts financing statements, liens, or other instruments filed by or on behalf of Defendant Bryon Jones and that purport to attach to or otherwise affect the assets or property of any current, then, or former federal government employee or official.

**IT IS FURTHER ORDERED**, that the Court retains jurisdiction to enforce this Order.

                                                    s/PATRICK J. DUGGAN
                                                    UNITED STATES DISTRICT JUDGE

Copies to:
Francis L. Zebot, AUSA

Bryon Jones
Booking No. P286196
Lower Buckeye Jail
3350 West Lower Buckeye
Phoenix, Arizona 85041